**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Enrique LIRA, Defendant–Appellant.**

**No. 00–50299.**

**D.C. No. CR–99–00233–DDP–01.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 9, 2001.**

Decided Feb. 27, 2001.

** The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before LEAVY, TROTT, and
SILVERMAN, Circuit Judges.

## MEMORANDUM*

### OVERVIEW

Defendant–Appellant Enrique Lira appeals his conviction and seventy-month sentence after being convicted by a jury for violating federal narcotics and money laundering laws. Because the parties are familiar with the facts of this case, we will not repeat them here. We have jurisdiction under 28 U.S.C. § 1291, and AFFIRM Lira's conviction.

### DISCUSSION

 Whether the district court properly construed the hearsay rule is a question of law reviewed de novo. *United States v. Olafson*, 213 F.3d 435, 441 (9th Cir.2000). The district court's decisions to admit evidence under exceptions to the hearsay rule are reviewed for an abuse of discretion. *United States v. Scholl*, 166 F.3d 964, 978 (9th Cir.1999).

 Lira contends that the testimony of Agent O'Donnell concerning Lira's alleged admission during his post-arrest interrogation to knowing the intended use of the freon was impermissible hearsay. Specifi-

cally, Lira argues that because his post-arrest statements were made in Spanish, and Agent O'Donnell cannot speak Spanish, Agent O'Donnell was necessarily testifying to what Agent Solorio told him Lira said. Lira's argument is built upon a false premise. Not all of Lira's post-arrest statements to Agents O'Donnell and Solorio were made in Spanish. Specifically, Agent O'Donnell testified that when he asked Lira whether he knew that the freon was being used to manufacture methamphetamine, Lira answered, "Yes" in English. Therefore, because Agent O'Donnell was able to testify to Lira's admission without relying on a translation by Agent Solorio, his testimony was not hearsay. *See United States v. Sauza–Martinez*, 217 F.3d 754, 760 (9th Cir.2000) ("[P]ost-arrest statements [a]re admissible as substantive evidence ... under Federal Rule of Evidence 801(d)(2)(A) as an admission of a party-opponent....").

The fact that Agent O'Donnell's question to Lira about the intended use for the freon was first translated into Spanish by Agent Solorio before being answered by Lira did not preclude Agent O'Donnell from testifying about Lira's English answer. Agent Solorio testified at trial that during the post-arrest interrogation of Lira, he translated all of Agent O'Donnell's questions to Lira into Spanish. With this evidence having been admitted, Agent O'Donnell was not required to account for what Agent Solorio said to Lira.

While Lira adamantly denies ever having been questioned about his knowledge of the intended use of the freon, this argument lies well beyond the scope of any hearsay inquiry or Confrontation Clause analysis. Whether Agent O'Donnell fabricated his testimony is a classic issue of fact

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

that was presented to and resolved by a jury in favor of the government.

█ Furthermore, the district court did not abuse its discretion in allowing Agent O'Donnell to testify to Agent Solorio's translation of Lira's Spanish statements made during the interrogation. The evidence supports the conclusion that in interpreting for Lira, Solorio was a mere conduit. Besides, any error would have been harmless because Lira's trial testimony was consistent with Solorio's translation.

AFFIRMED.